In the Matter of the CITY OF NEW YORK, Acting for and in Behalf of the New York City Housing Authority, Relative to Acquiring Title to Real Property Bounded by East 112th Street, and Other Streets, in the Borough of Manhattan, Selected as a Site for a Housing Project Known as JEFFERSON HOUSES.

Supreme Court, Special Term, New York County, June 7, 1955.

*Maurice C. Greenberg* for George D. Bidias, petitioner.

*Leo A. Larkin, Acting Corporation Counsel (David Roemer* of counsel), for City of New York, respondent.

EDER, J. A mortgagee moves for payment to him of the award made in the final decree herein for the taking of Damage Parcel No. 132. The City of New York cross-moves for payment of its judgment for demolition costs.

The mortgage was given in 1940 and assigned to the movant herein in 1948. In October, 1947, the City of New York recovered a judgment rendered in a proceeding to demolish the building as unsafe pursuant to the Administrative Code of the City of New York for its demolition costs in the sum of $1,825.

The Administrative Code (§ C26–204.0, subd. f) provides that such judgment shall become a lien against the premises from the time of filing of notice of *lis pendens* and " shall have priority before any mortgage or other lien as may exist prior to such filing except tax and assessment liens. "

The mortgagee contends that the city's lien should not be deemed superior to his lien because the only notice given in the "unsafe building" proceeding was to the then owner, thus affording the mortgagee no opportunity to repair the building and thereby save his mortgage.

As movant does not claim that the city has failed to comply with any of the procedural steps set forth in the code, it is obvious that relief may be granted him only if its provisions be held unconstitutional as applied to prior mortgages.

This statute was enacted as a police power measure to abate a public nuisance consisting of unsafe or dangerous structures (Administrative Code, § C26–193.0). Requirements of due process are observed in giving the owner " or any other person who may have a vested or contingent interest in the structure ", sufficient time after service of notice to abate the dangerous condition, in giving him further notice (in case of his default) of a survey to be taken and of proceedings thereon at a stated time and place before a court, and in providing for the posting on the structure of a copy of the report of the survey. An owner may file a written designation of any resident of the city upon

whom may be served any notice of violation, notice to make safe, notice of survey or any other paper or process in the proceeding (§ C26–205.0, subd. d) ; the mortgagee could obviously have protected himself by having the owner execute such a designation naming him as such person for service of all papers, thus insuring notice to him and affording him the same opportunity to remedy the condition at his own expense as is ordinarily granted the owner. Even after the precept to abate is issued following the decision of the court, the owner '' or any party interested therein '' is permitted to perform at his own cost and expense the required work (§ C26–198.0).

The question of the constitutionality of the provision granting the city's judgment for demolition costs in an '' unsafe building '' proceeding a preference over pre-existing mortgages was directly raised in *Thornton* v. *Chase* (175 Misc. 748). It was there held that such grant of priority did not constitute taking property without due process of law in violation of the State Constitution, nor impairing the obligation of contracts in violation of the Federal Constitution, in view of the paramount consideration that private property must be held to be subject to the proper functioning of the police power; that such preference could reasonably be viewed by the Legislature as necessary to implement the measures for proceeding against unsafe or dangerous buildings in the interest of the public health and welfare.

In an analogous situation constitutionality of the provision in the New York Grade Crossing Elimination Act (L. 1928, ch. 678, as amd.) for priority over earlier mortgages of the State's lien for elimination expenses advanced by it, was upheld (*State of New York* v. *Gebhardt*, 151 F. 2d 802, 805). That court adverted to the well-settled principle that a State may modify contract rights in the legitimate exercise of its police power. With regard to the matter of notice, inadequacy, of which, was urged as violative of due process, reference was had to *Anderson Nat. Bank* v. *Luckett* (321 U. S. 233) holding that all persons owning property must take note of such statutes affecting disposition of their property as tax assessments, condemnation of lands or public improvements. The notice provisions contained in the elimination act were held to provide reasonable opportunity to the mortgagees to protect their interests, had they wished to advance the elimination expense themselves, although no personal notice was required therein to be given to said mortgagees.

As indicated in the *Thornton* and *Gebhardt* cases (*supra*) *Central Sav. Bank* v. *City of New York* (279 N. Y. 266) holding unconstitutional the priority provision in the Multiple Dwelling Law (§ 309, former subd. 6) as to improvements and alterations made by the city in old law tenement houses, is distinguishable. A prior mortgagee is entitled to his lien without diminution by reason of improvements made by the owner. Where the city instead advances the funds for such improvements, the mortgagee's prior rights, it was held, should not be affected. However, the opinion, per CRANE, Ch. J., pointed out, at page 279: "If the building is dangerous or unsuitable, the city, in the interest of the public health or welfare, may close it up or restrict its use, or even, where dangerous, demolish it; but it cannot compel the owner to keep it for a specific use."

Clearly, then, the cost to the city in demolishing a dangerous structure required to be done in the public interest may be granted priority over earlier mortgages by legislative enactment.

Mortgagees as well as owners hold their interest in property subject to the proper exercise of the police power. A prudent mortgagee sees to it not only that taxes and assessments are paid but that the building is not permitted to become so dangerously in disrepair as to require demolition. If, through the owner's and his neglect, it becomes necessary to demolish, he may neither complain that he might have been able, had personal notice been given him, to so repair as to make the building safe, nor object to priority being accorded the actual demolition cost advanced by the city, in view of the failure to undertake such demolition by anyone interested in the property, including himself.

It may also be observed that movant in particular may not be heard to complain of the impact of the priority provision in the code upon his mortgage. He acquired it in 1948 long after the filing in 1945 of the *lis pendens* in the unsafe building proceeding and subsequent to the entry in 1947 of the judgment.

The city's cross motion is accordingly granted. The comptroller is directed to pay the city out of the moneys remaining in his hands to the credit of Damage Parcel 132 the sum of $1,825 and interest, and to pay the balance of said award, if any, in accordance with the final decree. Settle order.