George Tilzer, J.
This is a motion by the City of New York to direct payment of the amount of a fixture award in partial satisfaction of the city’s claim for rent for reasonable use and occupation. The claim is in excess of the amount of the award. The motion is opposed by the attorney for the claimant who contends that his lien for services rendered in effecting the award is entitled to priority over the claim of the city.
The city claims its lien by virtue of subdivision b of section B15-37.0 of the Administrative C'ode of the City of New York, which provides as follows: ‘ ‘ All persons in possession of such premises at the time of the vesting of title thereto in the city, shall at the option of the city become tenants at will of such city unless within ten days after the vesting of title they shall elect to vacate and give up their respective holdings. Where a person in possession is entitled to an award in such proceeding, the reasonable value of his use and occupancy of the premises, as fixed by agreement, by the court in such proceeding or by any court of competent jurisdiction, during the period between the date of the vesting of title in the city and the date of the actual payment of the award, shall be a lien against such award, subject only to liens of record at the time of vesting of title in the city. ’ ’
It is undisputed that the attorney was retained on December 21, 1955. The written retainer agreement provides that the claimant agrees to pay and does ‘ ‘ hereby assign to said Bernard W. Coblen'tz for his services in the matter. Twenty-five (25%) per cent of the award and interest that may be paid or awarded for the said property.” Title vested in the City of New York on April 19, 1956. The final decree was entered on May 16, 1957. The attorney filed his lien with the Comptroller of the City of New York on June 28, 1957. The tenant claimant did not vacate the premises until August 13, 1957 and at that time owed rent for the period from June 1, 1957.
It is the contention of the attorney that by virtue of the provisions of section 475 of the Judiciary Law he has a statutory lien from the inception of the proceeding that may not be thwarted by .any action of his client or by any claim against his client. He further contends that the Court of Appeals in the recently decided case of Matter of City of New York (United States of America — Coblentz) (5 N Y 2d 300) has held that an exactly similar retainer agreement (involving this same *376 attorney) operated as a pro tanto assignment of the proceeds of the award which gave the attorney a vested property right in the award. These contentions must he overruled on the facts of this case. We are dealing here not with any question of priority of liens, but with a specific condemnation statute that requires payment out of the award of the city’s rent claim subject only to liens of record as of the date of title vesting. In the very case cited above, it was held that the claim of the attorney was subject to first payment of the rent claim of the sponsor of the project. It was there stated that “By Sec. B15-37.0, the value of the property taken is reduced by the reasonable value of the use and occupancy from the date the property was condemned until actual payment of the award.” Thus it is the award itself that is reduced to the extent of arrears of rent and both the attorney’s lien under section 475 of the Judiciary Law or any assignment of the award under the express provisions of the retainer agreement are effective only as against such reduced balance. While such result may appear harsh, the statute is controlling, and the attorney can only protect himself by filing his lien prior to title vesting in the city.
It should also be noted that even prior to the Court of Appeals ruling cited above, the courts have uniformly held that section 475 of the Judiciary Law does not protect the attorney in this particular situation (Matter of County of Nassau [Cross Is. Parkway], 171 Misc. 652; Matter of City of New York [Jefferson Houses], 208 Misc. 757). The motion is granted. Settle order.