In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for Seward Park Slum Clearance Project, Within the Area Bounded by Grand Street and Other Streets, in the Borough of Manhattan.

IRVING FROMER, Doing Business as IRVING'S TIRE SHOP, et al., Respondents; SEWARD PARK HOUSING CORPORATION, Appellant.

First Department, March 19, 1964.

*Roy Gainsburg* of counsel (*Edward H. Rabin* and *William I. Weisberg* with him on the brief; *Szold, Brandwen, Meyers, Blumberg & Altman,* attorneys), for appellant.

*Arthur D. Goldstein* of counsel (*Samuel Goldstein & Sons,* and *John A. Viggiano,* attorneys), for Irving Fromer, respondent.

*John A. Viggiano,* respondent in person.

*George Bergen* of counsel (*Arthur Reich* with him on the brief; *Skinner & Bermant, Leddy & Raber,* attorneys), for Beth Jacob Parochial School of the East Side and The Esther Schoenfeld High School, Inc., respondent.

*Charles H. Tenney,* attorney for City of New York, respondent.

McNally, J. The issue presented by this appeal is whether the sponsor, Seward Park Housing Corporation (Seward), the grantee of the City of New York (City), in an urban renewal project, can avail itself of the provisions of section B15-37.0 of the Administrative Code of the City of New York creating a statutory lien in favor of the City for use and occupation of condemned property after title vests in the City.

Said section then read, in part, as follows:

" b. All persons in possession of such premises at the time of the vesting of title thereto in the city, shall at the option of

the city become tenants at will of such city unless within ten days after the vesting of title they shall elect to vacate and give up their respective holdings. Where a person in possession is entitled to an award in such proceeding, the reasonable value of his use and occupancy of the premises, as fixed by agreement, by the court in such proceeding or by any court of competent jurisdiction, during the period between the date of the vesting of title in the city and the date of the actual payment of the award, shall be a lien against such award, subject only to liens of record at the time of the vesting of title in the city.''

The real property was originally acquired for an urban renewal project by the City in a condemnation proceeding and subsequently deeded to Seward, the movant, as the highest bidder at a public auction sale. Claimants-respondents occupied certain portions of the premises at the time title vested in the City and prior to the acquisition of title by Seward and for some time thereafter.

Subsequently Seward brought on this proceeding for an order directing the Comptroller to pay out of the awards various sums for the use and occupation of the premises asserting that it had a lien against the awards by virtue of the provisions of section B15–37.0 of the Administrative Code. This application was denied below on the ground that the provisions of the Administrative Code referred to were enacted solely for the benefit of the City in such instances where the City acquired title to the property by condemnation and retained title thereto, and were not intended to create a lien in favor of a purchaser-sponsor such as Seward.

We construe subdivision b of section B15–37.0 of the Administrative Code to establish a lien on the award to a condemnee in favor of the City for the reasonable value of the use and occupation of the condemned premises by the condemnee during the period title is in the City. The statute does not establish a lien in favor of a grantee of the City. (*Matter of City of New York* [*Gerard Swope Houses*], N. Y. L. J., June 6, 1962, p. 14, col. 5; *Matter of City of New York* [*Lincoln Sq. Slum Clearance Project*], N. Y. L. J., April 13, 1960, p. 7, col. 8.)

The authorities to the contrary are distinguishable. In *Matter of City of New York* (*John Purroy Mitchel Houses*) (N. Y. L. J., Dec. 2, 1963, p. 15, col. 1) the lien was asserted by the New York City Housing Authority and allowed, without discussion, on the authority of *Matter of City of New York* (*Bruckner Expressway*) (22 Misc 2d 374). The *Bruckner* pro-

ceeding involved an application by the City to establish a lien. The *Mitchel* proceeding failed to recognize that the lien was asserted by the New York City Housing Authority and not by the City. In the *Swope* proceeding the court observed the lien was asserted by the Housing Authority, an entity separate and apart from the City, and held the lien did not extend to the Housing Authority.

In *Matter of City of New York* (*Seward Park Slum Clearance Project*) (N. Y. L. J., Dec. 18, 1959, p. 11, col. 1) this petitioner asserted and was allowed a lien on the authority of *Matter of City of New York* (*United States of America — Coblentz*) (5 N Y 2d 300).

The Court of Appeals in the last-cited case was primarily concerned with the priority of the liens of the United States of America and the attorney for the condemnee. The order there appealed from declared the judgment claim of the sponsor for use and occupation to be a first and prior lien. The opinion of Special Term grounded said determination on the final decree which expressly made the award subject to said judgment. The brief in the Appellate Division of the appellant, United States of America, did not make the point that the lien created by the Administrative Code was limited to the City and did not extend to the sponsor. Respondent, Coblentz, relying on his attorney's lien and *pro tanto* assignment of his client's award, did not contest the priority of the sponsor's claim; he contended only that his claim had priority over the claim of the United States of America. In the circumstances the Court of Appeals simply observed (p. 314): "Furthermore, as the lower courts have properly ruled, the award was made subject to the payment of that judgment as provided by the Code * * * which together constituted it a first lien on the proceeds of the award" (see, also, *Matter of City of New York* [*United States of America — Coblentz*], 11 A D 2d 240, 250, affd. 12 N Y 2d 1051).

In *Matter of City of New York* (*Jefferson Houses*) (118 N. Y. S. 2d 253) the lien asserted by the New York City Housing Authority was assumed and the sole issue raised and resolved was the question of priority between the lien of the attorney for the condemnee and the asserted lien of the Authority.

The statute relied on by its terms limits the lien to the City and may not by construction be extended to the movant-grantee of the City. The court, however, does not pass upon other remedies, if any, which movant may have.

454

The order should be affirmed, with costs to respondents.

VALENTE, J. P., STEVENS and STEUER, JJ., concur.

Order, entered on November 14, 1960, unanimously affirmed, with $20 costs and disbursements to respondents filing briefs.